

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-12-2007

# Lynn v. Westport Ins Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3877

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lynn v. Westport Ins Corp" (2007). *2007 Decisions.* Paper 86.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/86

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-3877
_____

WALTER LYNN, JR.,
Appellant

v.

WESTPORT INSURANCE CORPORATION;
CLAIMS MANAGEMENT SERVICES, INC.

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Action No. 05-cv-0884)
District Judge: Honorable David S. Cercone

_____

Argued October 31, 2007

BEFORE: RENDELL and NYGAARD, Circuit Judges,
and McCLURE,* District Judge

(Filed:  December 12, 2007)
_____

Craig L. Fishman     **[ARGUED]**
Edward A. Shenderovich
Shenderovich, Shenderovich & Fishman
429 4th Avenue, Suite 1600
Pittsburgh, PA  15219
    *Counsel for Appellant*

---

*The Honorable James F. McClure, Jr., Senior Judge, United States District Court
for the Middle District of Pennsylvania, sitting by designation.

Allan C. Molotsky   **[ARGUED]**
Post & Schell
1600 John F. Kennedy Boulevard
Four Penn Center, 13th Floor
Philadelphia, PA  19103
    *Counsel for Appellee*

————————

OPINION OF THE COURT
————————

McCLURE, *District Judge*.

Appellant Walter Lynn, Jr. filed a complaint against appellee, Westport Insurance Corporation ("Westport"), seeking damages under an insurance policy issued by Westport.  After cross motions for summary judgment were filed, the district court granted Westport's motion and denied Lynn's motion.  For the reasons provided below, we reverse.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Lynn is a tow truck driver for T.W. Scott Enterprises ("T.W. Scott").  On March 21, 2003, Lynn was dispatched to assist a motorist with a disabled vehicle.  When he arrived, he discovered that one of the vehicle's rear tires was flat and that the motorist had no spare tire.  Unable to tow the vehicle with his truck, Lynn contacted coworker Todd Davis to request that he bring a flatbed truck to the scene.

When Davis arrived, he requested that Lynn wait at the scene and help him load the vehicle onto the flatbed truck because it would be faster and safer for two people to load the vehicle than one.  Lynn pulled his tow truck forward to give Davis enough room to maneuver the flatbed in front of the disabled vehicle.  Lynn exited his truck and walked

2

towards the flatbed truck preparing to help Davis load the disabled vehicle onto the flatbed truck. While walking along the side of the flatbed, Lynn was struck by the side mirror of a passing vehicle, causing severe injuries to his hand and forearm.

Lynn received compensation in the amount of $15,000 from the tortfeasor's automobile insurance policy and has also been collecting workers' compensation benefits through T.W. Scott. On May 5, 2005, Lynn filed a complaint in the Court of Common Pleas of Westmoreland County, Pennsylvania seeking a declaration that he is entitled to underinsured motorist benefits under an insurance policy issued by Westport to T.W. Scott. On June 27, 2005, Westport removed the case to the United States District Court for the Western District of Pennsylvania based on the diversity of the parties.

On June 12, 2006, after cross motions for summary judgment were filed, a magistrate judge issued a report recommending that Westport's motion be granted and Lynn's motion be denied. Specifically, the magistrate judge concluded that Lynn was not "occupying" the flatbed truck or tow truck at the time of the accident as required under the terms of the underinsured motorist portion of the insurance policy, and was therefore not entitled to coverage. On July 31, 2006, the district court adopted the report and recommendation and entered final judgment against Lynn. This appeal followed.

## II. JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction to review the district court's final order pursuant to 28 U.S.C. § 1291.

3

We exercise plenary review of the district court's resolution of cross-motions for summary judgment. Brentwood Med. Assocs. v. United Mine Workers of Am., 396 F.3d 237, 240 (3d Cir. 2005) (citation omitted). Therefore, we apply the same test the district court applied: 1) whether there are no material facts in dispute; and 2) whether one party is entitled to judgment as a matter of law. Int'l Union, United Mine Workers of Am. v. Racho Trucking Co., 897 F.2d 1248, 1252 (3d Cir. 1990) (citing Fed. R. Civ. Pro. 56(c)).

### III. DISCUSSION

In the instant case, the underinsured motorist portion of the insurance policy provides coverage to anyone "occupying" a covered vehicle who is injured by an underinsured motorist. The insurance policy defines "occupying" as "in, upon, getting in, on, out or off." Thus, the critical question on this appeal is whether Lynn was "occupying" the flatbed truck or tow truck when he was hit by the passing motorist.

In Utica Mut. Ins. Co. v. Contrisciane, the Pennsylvania Supreme Court set forth a four-part test to determine whether an individual was occupying a motor vehicle under a policy that defined "occupying" as "in or upon or entering into or alighting from." 473 A.2d 1005, 1008-09 (Pa. 1984) (citation omitted) The test was as follows:

1) there is a causal relation or connection between the injury and the use of the insured vehicle;

2) the person asserting coverage must be in a reasonably close geographic proximity to the insured vehicle, although the person need not be actually touching it;

3) the person must be vehicle oriented rather than highway or sidewalk oriented at the time; and

4

4)      the person must also be engaged in a transaction essential to the use of the vehicle at the time.

Id. (citation omitted).  Although the language of the insurance policy ultimately controls our definition of "occupying," we find the definition in the instant policy to be sufficiently similar to the definition in the policy in Utica to make the test set out in that case applicable.

In Utica, the plaintiff had been in an automobile accident and stopped to exchange information with the other motorist as required by state law.  Id. at 1006 (citing  75 Pa.C.S.A. §§ 3743, 3744).  At some point, a police officer arrived and asked the plaintiff for his license and registration.  Id.  The plaintiff returned to his vehicle, retrieved the documents, and then returned to the side of the police car and was struck by an underinsured motorist.  Id. at 1007.  The court determined that the plaintiff was at all times engaged in transactions essential to the continued use of his vehicle and that it was only because of the accident and the police officer's request that he was away from his vehicle.  Id. at 1009.  Therefore, the court concluded that the plaintiff had been "occupying" his vehicle and therefore was covered under the insurance policy.  Id.

In reaching its conclusion that Lynn was not "occupying" the tow truck, the district court relied on several Pennsylvania Superior Court decisions applying the Utica test.[1]

---

[1] We note that the magistrate judge found that Lynn's argument that he was "occupying" the tow truck at the time of the accident was not properly before the court because he failed to allege this theory in his complaint and instead had relied solely on the theory that he was "occupying" the flatbed.  Nevertheless the magistrate judge went on to consider the merits of such an argument.  Lynn argues in his appeal that this theory was properly before the court because Westport filed a counterclaim alleging that Lynn was

One of these cases was the Pennsylvania Superior Court's decision in Downing v. Harleysville Ins. Co., 602 A.2d 871, 874 (Pa. Super. 1992). In this case, the court ruled that a plaintiff who had stopped on the highway to assist a motorist with a flat tire had become highway oriented when he exited his vehicle to walk towards the other motorist. Id. at 874. The court also found that the plaintiff was not engaged in a transaction essential to the use of his vehicle. Id. at 874-75. Therefore, the plaintiff did not satisfy the third and fourth prong of the Utica test and was therefore not "occupying" his vehicle.

We find the district court's reliance on Downing misplaced because of a key difference in the facts, namely, that Lynn was a tow truck driver whose job it was to respond to stranded motorists and that the insured vehicle was a tow truck. In other words, it is part of the duties of a tow truck driver to exit the truck and aid the disabled vehicle, and we assume that this regularly occurs in an unsafe location such as the side of the highway. Presumably, the insurance company knows that this is how the tow truck will be utilized. To the contrary, the plaintiff in Downing was simply a Good Samaritan, and the insurance company could not have reasonably expected the plaintiff to be stopping along the highway to aid other drivers.

The other case relied on by the district court was the Superior Court's decision in Petika v. Transcontinental Ins. Co., 855 A.2d 85 (Pa. Super. 2004). In this case, the

not "occupying" the tow truck and Lynn filed a reply in which he alleged that he was "occupying" the tow truck. Because we believe that Westport was clearly on notice of this theory based on its counterclaim and Lynn's reply, and because Westport does not respond to this argument in its brief, we believe that this theory is properly before the court.

plaintiff was a maintenance crew worker who was driving a truck from a work site. Id. at 86. He was following another maintenance truck back to the equipment yard to drop off the vehicles. Id. At some point, some sandbags fell off of the other truck onto the highway. Id. Both vehicles stopped, and the plaintiff was struck by a vehicle as he tried to slow down the oncoming traffic in order to allow the other driver to clear the sandbags from the highway. Id.

The Superior Court found that the plaintiff was highway oriented rather than vehicle oriented because his own vehicle was extraneous to his efforts to slow down traffic. Id. at 90. Therefore, the court concluded that the plaintiff could not satisfy the third part of the Utica test and was therefore not "occupying" the truck at the time of the accident. Id. In its ruling, the court cited with approval the reasoning of the trial court, which had distinguished the case from Utica and had noted that the plaintiff from that case was vehicle oriented because he was providing the officer with documentation to his own vehicle. Id. at 89-90.

We disagree with the Superior Court's conclusion that the plaintiff in Petika was highway oriented when he exited the vehicle to slow down traffic. This is because we do not find any meaningful distinction between the facts of Utica and Petika. The plaintiff from Petika only exited the vehicle and attempted to slow traffic in order to let him and his coworker, who were traveling as a group, get back on the road. Furthermore, we assume the plaintiff felt obligated to help his coworker, as would any decent employee. In other words, the plaintiffs from both cases had been in the vehicle, had something

7

occur which required them to exit the vehicle for a brief time before they could continue their journey, had full intention of returning to their vehicle, and were struck by another vehicle while performing the action that would allow them to continue their journey. Therefore, both plaintiffs remained vehicle oriented because their actions were the means to the end of getting back in the vehicle and continuing the journey.

We believe that Utica itself requires a finding that Lynn occupied the tow truck at the time of the accident. First, we note that the court in Utica explicitly adopted a "liberal interpretation" of "occupying." 473 A.2d at 1009. In doing so, the court noted that this approach was more consistent with Pennsylvania's Uninsured Motorist Act, which was designed to protect individuals who were lawfully using the highways and who suffered grave injuries through the negligent use of the highways by others. Id. Second, we believe that the facts of Utica are sufficiently similar to the instant case to dictate a finding that Lynn was "occupying" the tow truck. Like the plaintiff from Utica, who was only away from his vehicle because of the accident and the police officer's request for his license and registration, Lynn was only away from his tow truck and walking along the side of the road because of his duties as a tow truck driver. Furthermore, we find it irrelevant that Lynn had actually determined that his tow truck would be of no use in towing the vehicle. Just as the police officer's request in Utica required that the plaintiff in that case leave his vehicle in order to continue use of the vehicle, Lynn felt compelled by his duties as a tow truck driver to help his coworker load the disabled vehicle onto the flatbed truck before he could get back into his tow truck and leave the scene.

8

Therefore, we believe that if this case was before the Pennsylvania Supreme Court, that court would apply the same liberal approach set out in <u>Utica</u> and conclude that Lynn remained vehicle oriented and was at all times engaged in transactions essential to the continued use of the tow truck.

## IV.  CONCLUSION

Because we conclude that Lynn was "occupying" the tow truck at the time of the accident, there is no need for us to rule on whether Lynn was "occupying" the flatbed truck.  Our conclusion is sufficient for us to determine that the district court improperly granted Westport's motion for summary judgment and denied Lynn's motion.  Therefore, we will reverse the order of the District Court and grant summary judgment in favor of Lynn.